JL

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Bluford,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States of America,<br><br>　　　　　Defendant. | No.  CV-24-00509-PHX-JAT (ASB)<br><br>**ORDER** |

Plaintiff Derek Bluford has filed a letter to the Court (Doc. 17), which the Court construes as a Motion for Reconsideration of the dismissal of this case.

**I.　Background**

On March 11, 2024, Plaintiff filed a pro se Verified Complaint and paid the filing and administrative fees. In an April 10, 2024 Order, the Court dismissed the Verified Complaint because it was not filed on this Court's approved form for filing a civil rights Complaint by a prisoner. The Court gave Plaintiff 30 days to file an amended complaint using the court-approved form included with the Order.

On April 26, 2024, Plaintiff filed a First Amended Complaint. In a May 15, 2024Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On May 24, 2024, Plaintiff filed a Second Amended Complaint. On June 10, 2024, he filed a Motion to Amend/Correct and lodged a proposed Third Amended Complaint. In

a July 9, 2024 Order, the Court granted the Motion to Amend/Correct and directed the Clerk of Court to file the lodged proposed Third Amended Complaint. The Court dismissed the Third Amended Complaint with leave to amend because Plaintiff had failed to state a claim and gave Plaintiff 30 days to file a fourth amended complaint that cured the deficiencies identified in the Order.

Not having received a fourth amended complaint or a motion for extension of time, on September 3, 2024, the Clerk of Court dismissed this case with prejudice and entered judgment. Plaintiff filed his Motion for Reconsideration more than six weeks after the entry of Judgment, on October 22, 2024.

## II.    Motion for Reconsideration

In his Motion, Plaintiff asks the Court to reopen this case and rule on his "pending motions." Plaintiff states that it appears the Court is "unaware" that he "submitted a motion to the Court requesting an additional 60 days, and permission to forgo using the complaint form." Plaintiff asserts that he "had this motion mailed to the Court via USPS certified mail," and although the tracking information "proves that it arrived to the Court," it appears it was not "forwarded" to the undersigned. Plaintiff further states when he received notice that this case was dismissed, he mailed "yet another motion" to the Court informing the Court "of this error" and provided "all of the proof," including a tracking number and copies.

## III.   Governing Standard

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Any motion for reconsideration must specifically identify the matters that were overlooked or misapprehended by the Court. *Id.* If any new matters are being brought to the Court's attention for the first time, the movant must identify the reasons they were not presented

earlier, and any specific modifications being sought in the Court's Order. *Id.* No motion for reconsideration of an Order may repeat any oral or written argument made in support of or in opposition to the motion that resulted in the Order. *Id.*

Rule 60(b), which sets forth the grounds for relief from judgment, "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). The moving party bears the burden of proving the existence of a basis for Rule 60(b) relief. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Although the moving party's factual allegations are to be accepted as true, mere legal conclusions, general denials, or simple assertions are insufficient to justify overturning the underlying judgment. *Id.*

"[A] party merits relief under Rule 60(b)(6) if he demonstrates 'extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Cmty. Dental Servs. v. Tani*, 282 3d 1164, 1168 (9th Cir. 2002). To show extraordinary circumstances, the party must "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.*

**IV.   Analysis**

Plaintiff states that after the Court dismissed the Third Amended Complaint for failure to state a claim, he filed a motion seeking an extension of time to file a fourth amended complaint and leave to forgo the requirements of the form complaint. Plaintiff also states that when he received the September 3, 2024 Order dismissing this case, he filed another motion with "proof" that he had filed the first motion. The Court has confirmed that it received no filings from Plaintiff between July 9, 2024 and October 22, 2024, when it received his Motion for Reconsideration. Plaintiff has offered nothing in his Motion for Reconsideration to demonstrate that he filed a motion for extension of time, or any other

motion, after he received the July 9, 2024 Order. The Court will therefore deny Plaintiff's Motion for Reconsideration. The Court will direct the Clerk of Court to mail Plaintiff a copy of the docket in this case.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Reconsideration (Doc. 17) is **denied**.

(2) The Clerk of Court **must mail** Plaintiff a copy of the docket in this case.

(3) This case must remain **closed**.

Dated this 20th day of December, 2024.

James A. Teilborg
Senior United States District Judge