JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Bluford, | No. CV-24-00509-PHX-JAT (ASB) |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, | |
| Defendant. | |

Pending before the Court are Plaintiff Derek Bluford's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 20) and Motion for Relief from a Judgment or Order (Doc. 21).[1]

**I.    Procedural History**

On March 11, 2024, while he was in custody at the United States Penitentiary (USP)-Lompoc, Plaintiff filed a pro se Verified Complaint and paid the filing and administrative fees. In an April 10, 2024 Order, the Court dismissed the Verified Complaint because it was not filed on this Court's approved form for filing a civil rights Complaint by a prisoner. The Court gave Plaintiff 30 days to file an amended complaint using the court-approved form included with the Order.

---

[1] On the same day he filed his Motions, Plaintiff also filed a Notice of Change of Address stating he is "now receiving mail at his personal residence." However, according to his Federal Bureau of Prisons records, Plaintiff is in custody at the Sacramento Residential Reentry Center. *See* https://www.bop.gov/inmateloc/ (search by Register Number 77108-097) (last accessed Mar. 25, 2025).

On April 26, 2024, Plaintiff filed a First Amended Complaint. In a May 15, 2024 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On May 24, 2024, Plaintiff filed a Second Amended Complaint. On June 10, 2024, he filed a Motion to Amend/Correct and lodged a proposed Third Amended Complaint. In a July 9, 2024 Order, the Court granted the Motion to Amend/Correct and directed the Clerk of Court to file the lodged proposed Third Amended Complaint. The Court dismissed the Third Amended Complaint with leave to amend because Plaintiff had failed to state a claim and gave Plaintiff 30 days to file a fourth amended complaint that cured the deficiencies identified in the Order.

Not having received a fourth amended complaint or a motion for extension of time, on September 3, 2024, the Clerk of Court dismissed this case with prejudice and entered judgment. On October 22, 2024, Plaintiff filed a Motion for Reconsideration, asking the Court to reopen this case. In the Motion for Reconsideration, Plaintiff stated that it appeared the Court was "unaware" that he "submitted a motion to the Court requesting an additional 60 days, and permission to forgo using the complaint form." Plaintiff asserted that he "had this motion mailed to the Court via USPS certified mail," and although the tracking information "proves that it arrived to the Court," it appeared it was not "forwarded" to the undersigned. Plaintiff further stated when he received notice that this case was dismissed, he mailed "yet another motion" to the Court informing the Court "of this error" and provided "all of the proof," including a tracking number and copies.

In a December 23, 2024 Order, the Court construed the Motion as a Rule 60(b) Motion. The Court confirmed that it received no filings from Plaintiff between July 9, 2024 and October 22, 2024, when it received his Motion for Reconsideration. The Court noted that Plaintiff had offered nothing in his Motion for Reconsideration to demonstrate that he filed a motion for extension of time, or any other motion, after he received the July 9, 2024 Order. The Court therefore denied the Motion for Reconsideration.

## II. Governing Standard

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

Rule 60(b), which sets forth the grounds for relief from judgment, "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). The moving party bears the burden of proving the existence of a basis for Rule 60(b) relief. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Although the moving party's factual allegations are to be accepted as true, mere legal conclusions, general denials, or simple assertions are insufficient to justify overturning the underlying judgment. *Id*.

## III. Motion for Relief from Judgment

In his second Rule 60 Motion, Plaintiff makes the same assertions as in his previous Rule 60(b) Motion and includes a Declaration from his Power of Attorney as proof that Plaintiff timely mailed to the Court the motions he described in his previous Motion. Plaintiff asks the Court for leniency, citing the practice of courts to give "some flexibility" to pro se litigants when interpreting procedural rules and allowing for less strict adherence to "technicalities," with the understanding that pro se litigants should not be penalized for "minor errors" in their filings or arguments. Plaintiff cites Rule 60(a), 60(b)(1), and 60(b)(6) as grounds for granting the Motion.

In the Declaration, Sarah Bluford avers that on July 21, 2024, she mailed to the

Court a Motion Requesting that the Court Forgo LRCiv 3.4 and Allow Plaintiff to File Fourth Amended Complaint Not Using the Court-Approved Form and Request for 60 day Extension Due to Transfer.

**IV.     Analysis**

Under Rule 60(a), "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Plaintiff has not asserted that he or the Court made a clerical mistake in a judgment or order. Rule 60(a) is inapposite.

Rule 60(b)(1) provides, that the Court may grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citations omitted); *see also Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of the litigant . . . provide grounds for relief under Rule 60(b)(1)."). Plaintiff does not assert that he failed to comply with the deadline to file a fourth amended complaint due to neglect; he asserts he filed a motion for extension of time via certified mail, which the Court did not receive. Rule 60(b)(1) does not apply.

Rule 60(b)(6) allows relief for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct and erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). "[A] party seeking to reopen a case under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.'" *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington,* 593 F.3d

- 4 -

790 (9th Cir. 2010) (en banc).

Plaintiff has not shown that extraordinary circumstances beyond his control prevented him from litigating this case. First, Plaintiff has not offered any reason why the Declaration from Sarah Bluford could not have been provided with his first Rule 60 Motion. Second, Plaintiff did not simply misunderstand a procedural rule, nor was this case dismissed because of a "technicality"; he failed to timely comply with a clear deadline. Third, although Plaintiff continues to assert that he filed a motion for an extension of time to file a fourth amended complaint, Plaintiff has never provided the tracking information that "proves" the Court received his motion seeking a 60-day extension of time to file a fourth amended complaint. Fourth, in his first Rule 60 Motion, Plaintiff stated that after this case was dismissed on September 3, 2024, he mailed "yet another motion" to the Court informing the Court "of this error" and provided "all of the proof," including a tracking number and copies, but his second Rule 60 Motion and the Declaration do not mention this other motion. Drawing on its judicial experience and common sense, the Court finds it implausible that it did not receive two motions from Plaintiff—at least one of which was sent by certified mail—in a three-month period.

In short, Plaintiff has failed to demonstrate that he is entitled to relief under Rule 60. The Court will therefore deny Plaintiff's Motion for Relief from a Judgment or Order and Motion to Allow Electronic Filing.

**IT IS ORDERED:**

(1) Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 20) and Motion for Relief from a Judgment or Order (Doc. 21) are **denied**.

. . . .

. . . .

. . . .

. . . .

. . . .

(2) Plaintiff **must not file** any additional documents in this closed case.

Dated this 1st day of April, 2025.

_____
James A. Teilborg
Senior United States District Judge